FILED - GR
March 31, 2009 3:42 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: rmw    /

Q/C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| David Heintzelman and<br>Jennifer Heintzelman, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Hon. **1:09-cv-314**<br>**Gordon J Quist**<br>**U.S. District Judge** |
| Creditors Financial Group LLC, a<br>New York limited liability company, | )<br>)<br>) | |
| Defendant. | )<br>) | |

**Complaint**

**I.   Introduction**

1.   This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201.  Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff David Heintzelman is a natural person residing in Kent County,

1

Michigan. Mr. Heintzelman is the husband of plaintiff Jennifer Heintzelman. Mr. Heintzelman is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Mr. Heintzelman is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA.

4. Plaintiff Jennifer Heintzelman is a natural person residing in Kent County, Michigan. Mrs. Heintzelman is the wife of plaintiff David Heintzelman. Mrs. Heintzelman is a "person" as the term is defined and/or used in the FDCPA and MCPA.

5. Defendant Creditors Financial Group LLC ("CFG") is a New York limited liability company. According to the CFG website (www.creditorsfinancialgroup.com), CFG has a corporate office at 3131 South Vaughn Way, Suite 110, Aurora, Colorado 80014, and a satellite office at 30 Hazelwood Drive, Suite 108, Amherst, New York 14228. The registered agent for CFG in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. CFG is a "debt collector" as the term is defined and/or used in the FDCPA. CFG is a "collection agency" and "licensee" as the terms are defined and/or used in the MCPA.

**IV.    Facts**

6. Mr. Heintzelman had a credit account which he used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MCPA.

7. The original creditor later claimed that Mr. Heintzelman had defaulted on his obligation to pay the debt.

8. Mr. Heintzelman disputes the debt. Mr. Heintzelman refuses to pay the debt.

9. The original creditor or a successor in interest supposedly sold the delinquent debt

to a company named LVNV Funding, LLC ("LVNV").

10. LVNV is in the business of purchasing and then collecting delinquent consumer debts. LVNV likely paid less than five cents on the dollar for the debt allegedly owed by Mr. Heintzelman.

11. Resurgent Capital Services L.P. ("Resurgent") is a LVNV affiliate. Resurgent manages the collection of debts purchased by LVNV. Resurgent supposedly hired CFG to collect the debt from Mr. Heintzelman.

12. On or about March 24, 2009 at approximately 3:53 p.m., a CFG employee telephoned Mr. Heintzelman's residential telephone and left the following recorded voice message on Mr. Heintzelman's telephone answering machine: "Hello, Mr. David Heintzelman, this is Julie O'Donnell calling. Today is Tuesday, the 24th of March and I am placing this call on behalf of our client. I was appointed to get in touch with you today in regards to some documents that were forwarded to me for review. I would like to get your input on this matter before making any type of decisions on my client's behalf. These documents were filed under ID number 6703271, under your complete name, date of birth, and social security number ending in 3605. I can be reached at 1-877-298-2251, extension 3545."

13. On or about March 24, 2009 at approximately 3:57 p.m., a CFG employee telephoned Mrs. Heintzelman's cell phone and left the following recorded voice message on Mrs. Heintzelman's voice mail: "Hi Mr. David Heintzelman. This is Julie O'Donnell calling. Today is Tuesday, the 24th of March. David, I was placing this call on behalf of my client. I was appointed to get in contact with you today in regards to some documents that were forwarded to me for review. File number 6703271 was processed under your complete name, date of birth,

3

and social security number ending in 3605. I would really like to get a chance to talk to you about this in further detail or at least get your input on the matter before I render any kind of decisions for my client to proceed with this matter. I will be available until 9:00 p.m. this evening at 1-877-298-2251, extension 3545."

14. The messages left for Mr. Heintzelman by CFG and its employee stating that the CFG employee would "render a decision" for its client "to proceed with this matter," represented or implied that the CFG employee would be making a recommendation to its client whether to file a lawsuit against Mr. Heintzelman, which would constitute the unauthorized practice of law.

15. The messages left for Mr. Heintzelman by CFG and its employee stating that the CFG employee would "render a decision" for its client "to proceed with this matter," falsely represented or implied that the CFG employee would be making a decision on whether to file a

16. Each recorded voice messages left by CFG and its employees on Mr. Heintzelman's residential answering machine and on Mrs. Hentzelman's cell phone voice mail was a "communication" as the term is defined and used in the FDCPA. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (CDCal. 2005).

17. The failure of CFG to disclose in each recorded voice message left for Mr. Heintzelman that the communication was from a debt collector violated the FDCPA, 15 U.S.C. § 1692e(11). *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (SDNY 2006); *Leyse v. Corporate Collection Services, Inc.*, 2006 WL 2708451 (SDNY Sept.18, 2006); *Costa v. National Action Financial Services*, 2007 WL 4526510 (EDCal Dec. 19, 2007).

18. It was and is the practice of CFG to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing

4

in the message that the communication is from a debt collector.

19. During the one-year period immediately preceding the filing of plaintiffs' complaint in this lawsuit, CFG telephoned more than one hundred consumers residing within the State of Michigan and left at least one recorded voice message on each consumer's answering machine or voice mail without disclosing in the message that the communication was from a debt collector.

20. Prior to April 2009, CFG was sued multiple times in various United States District Courts, for allegedly violating the FDCPA by allegedly communicating with a consumer by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from a debt collector.

21. It is unlawful for a debt collector to place a telephone call to a consumer without making meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

22. CFG repeatedly violated the FDCPA by telephoning Mr. Heintzelman and leaving recorded messages without stating that the call was from CFG.

23. On or about March 24, 2009 at approximately 3:54 p.m., a CFG employee telephoned the residence of Mr. Heintzelman's sister and left the following recorded voice message on Mr. Heintzelman's sister's telephone answering machine: "This message is for David Heintzelman. David, my name is Julie O'Donnell. Today is Tuesday, the 24th of March. I am placing this call on behalf of my client. David, I was appointed to get in contact with you in regards to some documents that were forwarded to me for review this morning. File number 6703271 was processed under your complete name, date of birth, and social security number ending in 1966. I would really like to get your input on this before a rendering of any kind of

5

decision form my client to proceed with this matter involuntarily. My number is 1-877-298-2251, extension 3545."

24. Mr. Heintzelman does not reside with his sister.

25. Mr. Heintzelman does not share a telephone line with his sister.

26. Mr. Heintzelman's residential telephone number and the related account are not in his sister's name.

27. In connection with collection of the debt, CFG communicated with Mr. Heintzelman's sister with obtaining the prior consent of Mr. Heintzelman given directly to CFG, violating 15 U.S.C. § 1692c(b).

28. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

29. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

30. CFG wrongfully communicated to Mr. Heintzelman's sister that CFG is a debt collector, violating 15 U.S.C. § 1692b.

31. CFG wrongfully communicated to Mr. Heintzelman's sister that CFG was attempting to collect a debt from Mr. Heintzelman, violating 15 U.S.C. § 1692b.

32. When CFG communicated with Mr. Heintzelman's sister, CFG already knew Mr. Heintzelman's place of abode.

33. When CFG communicated with Mr. Heintzelman's sister, CFG already knew Mr. Heintzelman's telephone number at his place of abode. In fact, just minutes before CFG

telephoned Mr. Heintzelman's sister, CFG telephoned Mr. Heintzelman's place of abode and left a recorded message for Mr. Heintzelman on his telephone answering machine.

34. When CFG communicated with Mr. Heintzelman's sister, CFG already knew Mr. Heintzelman's place of employment.

35. CFG wrongfully communicated with Mr. Heintzelman's sister for a purpose *other than* to acquire location information regarding Mr. Heintzelman. Namely, CFG wrongfully turned Mr. Heintzelman's sister into a *de facto* debt collector for CFG by causing her to deliver a message to Mr. Heintzelman in an effort to embarrass or intimidate Mr. Heintzelman in efforts by CFG to collect at debt.

36. On or about March 24, 2009, Mrs. Heintzelman telephoned CFG and spoke with a CFG employee identified as Julie O'Donnell. The CFG employee demanded payment of the debt. Mrs. Heintzelman stated that the Heintzelmans did not have money available to pay the amount demanded. Hearing that, the CFG employee transferred the call to another CFG employee identified as Joe Daggulio (sp). The CFG employee stated that CFG was attempting to collect a debt for its client, Resurgent. In the ensuing conversation, the CFG employee made the following statements:

    a) He was a "Vice President" at CFG.

    b) He falsely accused Mr. Heintzelman of a crime, specifically, that Mr. Heintzelman had used the line of credit and incurred debt without intending to pay the debt.

    c) He wrongfully threatened that if Mr. Heintzelman did not call CFG within the next hour, CFG would contact Mr. Heintzelman's employer and garnish Mr. Heintzelman's wages.

37. On or about March 26, 2009, Mrs. Heintzelman telephoned CFG and spoke with a CFG employee identified as Julie O'Donnell. The CFG employee demanded payment of the debt. In the ensuing conversation, the CFG made the following statements:

   a) If Mr. Heintzelman did not pay the debt, derogatory information regarding the debt would remain on Mr. Heintzelman's credit report for seven to ten years.

   b) If Mr. Heintzelman did not pay the debt he would be sued.

   c) If Mr. Heintzelman did not pay the debt his wages would be garnished.

   d) If Mr. Heintzelman did not pay the debt, a lien would be placed against his home.

38. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

39. The CFG employee misrepresented the length of time for which derogatory information regarding the unpaid debt could remain on Mr. Heintzelman's consumer report.

40. The CFG employee made false threats of litigation.

41. The CFG employee made false threats regarding garnishment.

42. The CFG employee made false threats regarding the placement of a lien on Mr. Heintzelman's home.

43. The unlawful debt collection methods, acts and practices of CFG and its

8

employees were willful. The violations of the FDCPA and MCPA by CFG and its employees were willful.

44. As an actual and proximate result of the acts and omissions of CFG and its employees, plaintiffs have suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which they should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

45. Plaintiffs incorporate the foregoing paragraphs by reference.

46. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 15 U.S.C. § 1692b.

    b) Defendant violated 15 U.S.C. § 1692c.

    c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

    e) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

    f) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

47. Plaintiffs incorporate the foregoing paragraphs by reference.

48. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

   a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

   b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, (ii) the legal rights of a creditor or debtor, and (iii) that the nonpayment of a debt will result in the seizure, garnishment, attachment or sale of the debtor's property;

   c) Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity;

   d) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at times

or places which are known to be inconvenient to the debtor; and

e) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiffs seek judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiffs demand trial by jury.

Dated: March 31, 2009

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiffs
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

11